UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

STEVEN RITCHIE,

     Petitioner,

v.                                          Case No. 3:16cv597/LC/CJK

JULIE JONES,

     Respondent.

_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254. (Doc. 1). Respondent moves to dismiss the petition as time-barred, providing relevant portions of the state court record. (Doc. 14). Petitioner opposes the motion. (Doc. 16). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts. The undersigned further concludes that the pleadings and attachments before the court show that the petition is untimely and should be dismissed.

## BACKGROUND AND PROCEDURAL HISTORY

On June 16, 2011, petitioner was convicted of first degree premeditated murder in Walton County Circuit Court Case No. 10-CF-755, and sentenced to life imprisonment. (Doc. 1, p. 1; Doc. 14, Ex. E, pp. 47-52 (judgment and sentence)). The conviction was pursuant to petitioner's counseled, negotiated, no contest plea.[1] (Doc. 1, p. 1; Doc. 14, Ex. E, pp. 36-42 (plea agreement)). Petitioner did not directly appeal from the judgment. (Doc. 1, pp. 1-2; Doc. 14, p. 2).

On September 15, 2011, petitioner filed a petition for belated direct appeal in the Florida First District Court of Appeal (First DCA). (Doc. 14, Ex. A).[2] The First DCA denied the petition on the merits on January 11, 2012. *Ritchie v. State*, 77 So. 3d 1261 (Fla. 1st DCA 2012) (Table) (copy at Ex. D ("The petition seeking belated appeal is denied on the merits.")).

On July 23, 2014, petitioner filed a motion seeking leave to file a belated motion for postconviction relief. (Ex. E, pp. 59-63). The state circuit court denied the motion on September 17, 2014. (Ex. E, pp. 64-73). The First DCA dismissed petitioner's appeal from that order on December 18, 2014. *Ritchie v. State*, 152 So. 3d 571 (Table) (copy at Ex. H). The mandate issued January 13, 2015. (Ex. I).

---

[1] Petitioner faced the potential of the death penalty, as his crime was a capital offense.

[2] Hereafter, all references to exhibits are to those provided at Doc. 14.

On January, 26, 2015, petitioner filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. J, pp. 5-18). The state circuit court denied the motion as untimely. (*Id*., pp. 19-60). The First DCA affirmed per curiam without opinion. *Ritchie v. State*, 177 So. 3d 255 (Fla. 1st DCA 2015) (Table) (copy at Ex. N). The mandate issued November 16, 2015. (Ex. Q). Petitioner filed his federal habeas petition on November 4, 2016. (Doc. 1, p. 1).

## DISCUSSION

Because petitioner filed his § 2254 petition after April 24, 1996, the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the AEDPA governs this petition. *Lindh v. Murphy*, 521 U.S. 320, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997). AEDPA establishes a 1-year period of limitation for a state prisoner to file a federal application for a writ of habeas corpus. 28 U.S.C. § 2244(d)(1). The limitations period runs from the latest of:

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

§ 2244(d)(1).  The limitation period is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending.  28 U.S.C. § 2244(d)(2).

Respondent asserts, and petitioner concedes, that the petition is untimely. (Doc. 14; Doc. 1, pp. 13-14).  The record supports this conclusion.  Petitioner did not appeal from his June 16, 2011, judgment and sentence.  Accordingly, petitioner's judgment became final for purposes of § 2244(d)(1)(A), on July 18, 2011, when the 30-day period for filing a direct appeal expired.[3]  *See* Fla. R. App. P. 9.140(b)(3) (providing that an appeal by a defendant in a criminal case is commenced by filing a notice of appeal "at any time between the rendition of a final judgment and 30 days following rendition of a written order imposing sentence."); *see also* Fla. R. App. P. 9.020(h) (defining "rendition" as the filing of the signed, written order); *Gust v. State*, 535 So.2d 642 (Fla. 1st DCA 1988) (holding that if a defendant does not appeal his conviction or sentence, his judgment of conviction becomes final when the 30-day period for filing a direct appeal expires); *see also Gonzalez v. Thaler*, 565

---

[3] July 16, 2011, was a Saturday.

U.S. 134, 149-150, 154, 132 S. Ct. 641, 181 L. Ed. 2d 619 (2012) (holding that if a state prisoner does not pursue the highest level of review available to him in the state court system, he is not entitled to the additional 90 days for seeking certiorari review in the United States Supreme Court).

The federal limitations period began to run the following day, July 19, 2011, and expired one year later on July 19, 2012, absent tolling. *San Martin v. McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) ("AEDPA's one-year limitation period beings to run from the day after the day of the event that triggers the period (applying Fed. R. Civ. P. 6(a)(1))); *Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008) (holding that the limitations period should be calculated according to the "anniversary method," under which the limitations period expires on the one-year anniversary of the date it began to run). The limitations period was not statutorily tolled, because petitioner had no "application for State post-conviction or other collateral review" pending between July 19, 2011, and July 19, 2012. *See* 28 U.S.C. § 2244(d)(2).

Although petitioner filed a petition for belated appeal on September 15, 2011, that application did not toll the federal limitations period. *See Espinosa v. Sec'y, Dep't of Corr.*, 804 F.3d 1137 (11th Cir. 2015) (holding that Florida prisoner's petition for belated postconviction appeal did not statutorily toll the limitations period under § 2244(d)(2), because "a petition for belated appeal is not an

application for collateral review within the meaning of section 2244(d).”); *Danny v. Sec'y Fla. Dep't of Corr.*, 811 F.3d 1301 (11th Cir. 2016) (applying *Espinosa* and holding that a petition for a belated direct appeal does not toll the federal habeas limitations period). Petitioner's state court pleadings filed after July 19, 2012, did not trigger the tolling benefit of § 2244(d)(2), because they were filed after the limitations period expired. *Hutchinson v. Florida*, 677 F.3d 1097, 1098 (11th Cir. 2012) (“In order for that § 2244(d)(2) statutory tolling to apply, the petitioner must file his state collateral petition before the one-year period for filing his federal habeas petition has run.”) (citations omitted).

Petitioner attempts to avoid dismissal by arguing the following:

> Petitioner asserts that this Court should hear the merits of this Petition despite the untimeliness due to counsel's agreement to file a postconviction motion to withdraw his plea and never filing such a motion. Petitioner asserts that by the time he discovered that Mr. Platteborze failed to file any motions(s) on his behalf the one year time limit had already expired. Petitioner requests that this Court apply the *Martinez* cause for the procedural default exception to the instant case. See generally Martinez v. Ryan, 566 U.S. 1, 132 S. Ct. 1309. 182 L. Ed. 2d 272 (2012).

(Doc. 1, p. 14; *see also* Doc. 16). Petitioner's reliance on *Martinez* is misplaced.

“[T]he *Martinez* rule explicitly relates to excusing a procedural default of ineffective-trial-counsel claims and does not apply to AEDPA's statute of limitations or the tolling of that period.” *Arthur v. Thomas*, 739 F.3d 611, 630 (11th Cir. 2014).

Even construing petitioner's argument more broadly as seeking equitable tolling, he still fails to overcome the limitations bar. A federal habeas petitioner is entitled to equitable tolling "only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing" of his federal habeas petition. *Holland v. Florida*, 560 U.S. 631, 649, 130 S. Ct. 2549, 177 L. Ed. 2d 130 (2010) (internal quotation marks omitted). Petitioner's sole allegation – that he did not learn counsel failed to move to withdraw his plea (or seek other postconviction relief) until after the one-year limitations period expired – is belied by the record. Petitioner knew on September 15, 2011, within three months after he was sentenced, that trial counsel had not filed a motion to withdraw plea, a direct appeal, or any other postconviction application, because that was the basis for petitioner's state petition seeking a belated direct appeal. (*See* Doc. 14, Ex. A, p. 2 ¶ 5 ("No appeal was filed in this case. No post-conviction motions or petitions other than this petition have been filed in this court or in the trial court with regard to this case.")).

Petitioner's federal habeas petition, filed on November 4, 2016, is untimely. Petitioner has not established entitlement to equitable tolling or any other exception to the limitations bar. Petitioner's failure to timely file his petition requires dismissal of this case.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (*quoting* 28 U.S.C. § 2253(c)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774, 197 L. Ed. 2d 1 (2017) (*quoting Miller-El*, 537 U.S. at 327). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition

states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595, 1604, 146 L. Ed. 2d 542 (2000) (emphasis added). The petitioner here cannot make the requisite showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Rule 11(a), Rules Governing Section 2254 Cases. If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1. That respondent's motion to dismiss (doc. 14) be GRANTED.

2. That the petition for writ of habeas corpus (doc. 1), challenging petitioner's judgment of conviction and sentence in *State of Florida v. Steven Gerrard Ritchie*, Walton County Circuit Court Case No. 10-CF-755, be DISMISSED WITH PREJUDICE.

3. That the clerk be directed to close the file.

4.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 7th day of November, 2017.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.